UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14108-CV-ROSENBERG
MAGISTRATE JUDGE REID

JIM MCDUF,

      Plaintiff(s),

v.

WARDEN BRYNER, et al.,

      Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

This Cause is before the Court upon Plaintiff's Amended Complaint arising from certain constitutional violations which allegedly transpired as a result of Plaintiff sharing a cell. [ECF No. 9]. Relying on those same set of facts, Plaintiff also presents a statutory claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). [*Id.*].

This matter was referred to the Undersigned for consideration and report. [ECF No. 2]. As set forth below, the Amended Complaint should be **DISMISSED** for failure to state a claim.

### II. Allegations

Plaintiff explicitly states that his Amended Complaint only challenges the "custom, policy, practice or procedure of forcing prisoners (and therefor [sic] plaintiff) to live in a room or 'cell' with another man." [ECF No. 9 at 6]. Plaintiff submits that practice has violated his constitutional rights in three discrete ways.

First, because Plaintiff has a "shy bladder" condition, the presence of a fellow inmate in

the same cell with him has caused him physical pain, as he is unable to relieve his bladder with another person present. [ECF No. 9 at 6]. Second, Plaintiff asserts he "is unable to sleep with another man in his room" because he suffers from paranoid schizophrenia causing him sleep deprivation. [*Id.* at 6-7]. Lastly, Plaintiff submits that the "double celling" practice infringes upon his religious rights because it effectively requires him to sleep in the same room with someone of the same sex contrary to his interpretation of the Bible as a Jewish person. [*Id.* at 7].

Plaintiff further asserts Sergeant Hicks is the official who is actually placing Plaintiff in a cell with another man, and that all other defendants have been deliberately indifferent to his constitutional rights. [*Id.*]. According to Plaintiff, all defendants have been made aware of Plaintiff's constitutional rights by way of the grievance procedure. [*Id.*].

Plaintiff brings this cause of action against the following Defendants in both their individual and official capacities: (1) Mark S. Inch, Secretary for the Florida Department of Corrections, (2) Warden Bryner, (3) Assistant Warden Holtz, (4) Officer McGee, (5) Officer Parrish, (6) Lieutenant Gomez, and (7) Sergeant Hicks. [*Id.* at 8-9]. For relief, Plaintiff seeks a permanent injunction requiring that he be given his own cell. [*Id.* at 11].

In the Order to Amend, Plaintiff was informed that any *Monell*-liability claims failed to adequately establish a custom, policy, or practice authorizing suit against the identified defendants. [ECF No. 6 at 6]. It also warned Plaintiff that his complaint amounted to a shotgun pleading for identifying multiple defendants without specifying which of the defendants are responsible for the alleged acts or omissions. [*Id.* at 5-6].

### III. Standard of Review

According to 28 U.S.C. § 1915 of the Prison Litigation Reform Act, which permits *in forma pauperis* (IFP) proceedings, it reads in pertinent part:

2

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>
> * * *
>
> (B) the action or appeal -
>
> * * *
>
> > (i) is frivolous or malicious;
> >
> > (ii) fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Plaintiff is proceeding IFP. [ECF No. 13]. Thus, the Amended Complaint is subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Floyd v. City of Miami Beach*, 730 F. App'x 838, 841 (11th Cir. 2018).

When determining whether a plaintiff has stated a claim upon which relief can be granted, factual allegations must be accepted as true, and legal conclusions are not entitled to that assumption. *See Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1106-07 (11th Cir. 2015) (relying upon *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Further, while *pro se* filings are held to less stringent standards than pleadings drafted by attorneys, *see Haines*, 404 U.S. at 520-21, *pro se* filings must suggest the existence of "some factual support for a claim." *Jones*, 787 F.3d at 1107.

The assumed-as-true factual allegations must cross "the line between possibility and plausibility." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Whether a claim has facial plausibility is a context-specific inquiry, which is met if there is "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678-79.

## IV. Discussion

Plaintiff's Amended Complaint is best categorized as a shotgun pleading, as shall be explained later in this Report.

Broadly speaking, Plaintiff's claims fit into two categories. Plaintiff's claims concerning pain caused by his "shy bladder" condition and alleged sleep deprivation caused by his paranoid schizophrenia could be liberally construed to be claims of deliberate indifference to serious medical needs or conditions of confinement claims. The last set of allegations, claiming Plaintiff's religion is violated by sharing a cell, implicate the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment's Free Exercise Clause.

### a. The "Shy Bladder" and Sleep Deprivation

"[T]o prevail on a claim under [Section] 1983, a plaintiff must demonstrate that (1) the defendant deprived [plaintiff] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998)).

Under *Monell*, a plaintiff can pursue official capacity claims if there was an official policy or an unofficial custom or practice that caused a constitutional violation. *See Walker v. City of Calhoun, GA*, 901 F.3d 1245, 1255 (11th Cir. 2018) (citing *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 690-91 (1978)). "Under either avenue," plaintiffs must show the governmental entity "has authority and responsibility over the governmental function" at issue and "must identify those officials who speak with final policymaking authority for that [governmental entity]" which allegedly "caused the constitutional violation[.]" *Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1330

(11th Cir. 2003). Additionally, government entities are not liable based on the doctrine of respondeat superior. *E.g.*, *id.* at 1329 (collecting cases). But of course, without an underlying constitutional violation caused by the official policy, an official capacity claim will not survive. *Id.*

A claim of deliberate indifference to serious medical needs contains a subjective awareness component, namely that officials had subjective knowledge of a risk of serious harm. *See, e.g.*, *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *Wilkinson v. Sec'y, Fla. Dep't of Corr.*, 622 F. App'x 805, 812-13 (11th Cir. 2015). Likewise, a conditions of confinement claim requires a plaintiff to prove that officials acted with deliberate indifference to the challenged condition, which is to say a Plaintiff must prove the official knew of the risk of health or safety and disregarded the risk. *See, e.g.*, *Chandler v. Crosby*, 379 F.3d 1278, 1290 (11th Cir. 2004).

Here, Plaintiff only provided vague and conclusory allegations to support his contention that the identified defendants had subjective awareness of the risk of harm. *See* [ECF No. 9 at 8-9]. Plaintiff has failed to plead a plausible clam against the defendants in either their individual or official capacities. Although the officials likely know that inmates are typically housed with fellow inmates, the Amended Complaint does not adequately explain how the identified Defendants were aware of Plaintiff's specific medical conditions or that they knew those conditions caused pain and sleep deprivation. Plaintiff vaguely, repeatedly states or provides some variation that the Defendants were "alerted to the facts in this case by grievance." [ECF No. 9 at 7-9].[1] However, because Plaintiff's Amended Complaint provides only vague and conclusory assertions to prove the Defendants' subjective awareness of a risk of harm, and there are no allegations showing the

---

[1] For some of the Defendants, there is no reference to explain how they had subjective awareness of the Plaintiff's pain or sleep deprivation. [ECF No. 9].

Defendants even knew that Plaintiff was housed with another inmate, he has failed to state a claim arising from his alleged medical conditions. *See Iqbal*, 556 U.S. at 678-79 (requiring that there is enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Moreover, the Supreme Court addressed the practice of placing two inmates in one cell in *Rhodes v. Chapman*, 452 U.S. 2392 (1981), holding that the practice, in and of itself, did not violate Eighth Amendment cruel and unusual standards. Because Plaintiff has not sufficiently shown that the identified defendants in this instance were specifically aware of the alleged medical conditions and the risk of harm to Plaintiff, his claims should be dismissed.

*b. Religious Exercise*

Plaintiff identifies two Defendants who allegedly imposed a substantial burden on his right to exercise his religious beliefs, Sergeant Hicks and Lieutenant Gomez. [ECF No. 9 at 8]. In another part of his Amended Complaint, he contends all Defendants violated his religious rights. [*Id.* at 7]. Either way, there is no impact on the outcome of this case.

RLUIPA prohibits policies that substantially burden religious exercise except where a policy "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). Once a plaintiff proves that a challenged practice substantially burdens his religious exercise, the burden shifts to the defendant to show that the policy is the least restrictive means of furthering a compelling government interest. *Id.* § 2000cc–2(b). "RLUIPA creates an express private cause of action for injunctive and declaratory relief against the government, which includes 'States, counties, municipalities, their instrumentalities and officers, and persons acting under color of state law.'" *Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011) (quoting *Sossamon v. Texas*, 563

U.S. 277, 282 (2011)).

Here, the Court need not address whether Plaintiff's beliefs are sincerely held. Instead, Plaintiff failed to explain, without even bare and conclusory allegations, how the Defendants are personally and individually responsible. Further, Plaintiff failed to identify the appropriate governmental entity as a defendant. Accordingly, Plaintiff failed to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678-79 (requiring that there is enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Further, while Plaintiff submits that sharing a cell conflicts with his interpretation of religious text because doing so requires him to be undressed in the presence of someone of the same sex, he has not made a plausible showing that contradicting such text is a substantial burden on his religious exercise. Plaintiff merely recited the elements for a RLUIPA claim. [2] [ECF No. 9 at 7] ("That is plaintiff's sincerely held religious belief and he is being forced to violate that belief by all defendants.") (emphasis omitted). Consequently, Plaintiff has not made a prima facie showing for a RLUIPA claim. *See Twombly*, 550 U.S. at 555 (explaining mere recitation of the elements is not enough).

At least one district court has found a prisoner sharing a cell does not implicate RLUIPA without more specificity to clarify how religious beliefs were substantially burdened. *See, e.g.,*

---

[2] Worth mentioning, prisoners have no constitutional entitlement to a particular classification status. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). In fact, courts have routinely held that prisoners have no right to personal privacy whether that be for the purposes of using the toilet or to shower. *See, e.g., Burge v. Murtaugh*, Case No. 07-336, 2007 WL 4335461, at * 2 (N.D. Ind. Dec. 07, 2007) (explaining prisoner's claim that he was not allowed personal privacy when using the toilet or showers fails to state a viable claim under § 1983). The Eleventh Circuit has even noted, "[w]e do not think it is open to serious dispute that inmates of the same sex may be required to shower together and that guards of that sex may watch them while they are showering to prevent any misconduct." *Powell v. Barrett*, 541 F.3d 1298, 1313 n.6 (11th Cir. 2008). Therefore, had Plaintiff adequately pled his prima facie burden or shown personal participation, his claim would have likely failed after service.

*Wahid v. Lake*, No. CV 19-9041-JGB (SP), 2019 WL 8167923, at *2 (C.D. Cal. Nov. 21, 2019) (alleging the circumstances posed by double-celling policy made practicing religion less convenient with current cellmates but it did not state a RLUIPA claim), *aff'd*, 804 F. App'x 856 (9th Cir. 2020).

As a final note, the Court need not address Plaintiff's Free Exercise claim because RLUIPA provides broader protections than that available under the First Amendment, and Plaintiff's conclusory allegations were insufficient even under RLUIPA'S more favorable standard. *See, e.g.*, *Holt v. Hobbs*, 574 U.S. 352, 362 (2015) (explaining RLUIPA provides more expansive protections than that contained in the First Amendment with respect to defining the kind of burden that must exist).

### c. Shotgun Pleading

As a whole, however, all of Plaintiff's claims suffer from the same defect. They are the quintessential example of a shotgun pleading.

Plaintiffs may not file shotgun pleadings to state their claims. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d at 1313, 1321-23 (11th Cir. 2015). Plaintiff raises "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another…to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

In the Order to Amend, Plaintiff was advised of the shotgun nature of his initial complaint. [ECF No. 6 at 4-6]. Specifically, Plaintiff was instructed that his initial complaint identified multiple claims and multiple defendants but ultimately failed to specify which of the defendants

8

were responsible and what acts or omissions support the claim. [*Id.* at 5-6].

As already mentioned in this Report, all of Plaintiff claims failed to explain the specific acts or omissions implicating the Defendants or the appropriate governmental entity. Consequently, because Plaintiff has not cured the shotgun nature of his pleading with an amendment, the pleading as a whole fails to state a claim upon which relief can be granted. *See Weiland*, 792 F.3d at 1325; *see also Iqbal*, 556 U.S. at 678-79.

## V. Conclusion

Based on the foregoing, it is recommended that Plaintiff's constitutional claims be DISMISSED for failure to state a claim. Similarly, Plaintiff's statutory claim under RLUIPA should be DISMISSED for failure to state a claim. Alternatively, the Amended Complaint could be DISMISSED as a whole for failure to state a claim because it amounts to an impermissible shotgun pleading.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 14th day of October, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:     **Jim McDuf**
        131665
        Zephyrhills Correctional Institution
        Inmate Mail/Parcels
        2739 Gall Boulevard
        Zephyrhills, FL 33541
        PRO SE